People v Johnson (2023 NY Slip Op 50292(U))

[*1]

People v Johnson (Robert)

2023 NY Slip Op 50292(U)

Decided on March 9, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 9, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JAMES P. McCORMACK, JJ

2022-545 OR CR

The People of the State of New York, Respondent,
against
Robert Johnson, Appellant. 

Richard L. Herzfeld, for appellant.
Orange County District Attorney (Andrew R. Kass of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the City Court of Middletown, Orange County (Steven W. Brockett, J.), imposed April 12, 2022, upon his conviction of criminal possession of a controlled substance in the seventh degree, following his plea of guilty.

ORDERED that the sentence is affirmed.
In October 2020, defendant was charged by misdemeanor complaint with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). In November 2021, defendant, while represented by counsel, entered into a negotiated plea agreement, pursuant to which defendant would plead guilty to the offense charged in exchange for his commitment to complete a drug treatment program. Defendant was informed at the time of the plea that, if he failed to complete the program, he could be sentenced to a term of up to one year, which would run consecutively to a sentence imposed on another docket, also convicting defendant, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree. When defendant failed to complete the treatment program, he was sentenced to a term of 90 days, to run consecutively to the sentence imposed on the other docket.
On appeal, defendant contends that the sentence imposed was excessive. Since defendant received the sentence for which he negotiated, he has no cause to complain on appeal (see People v Langston, 31 Misc 3d 152[A], 2011 NY Slip Op 51131[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). In any event, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
Accordingly, the sentence is affirmed.
GARGUILO, P.J., DRISCOLL and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 9, 2023